**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CASE NO. 1:16-cv-00251-RLV**

| | |
|---|---|
| DONNA C. STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's Consent Motion for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. 15). In her motion, Plaintiff requests attorney's fees in the amount of $3,260.00, representing 17.25 hours of attorney work at an hourly rate of $188.99. *Id.* Plaintiff also requests reimbursement of the $400.00 filing fee paid at the beginning of this action. *Id.* Defendant consents to the requested fees and costs. *See id.* at 3; (*see also* Doc. 16). The Court has reviewed the Plaintiff's request and finds that the requested fees and the hours spent on the matter are reasonable. *See, e.g.*, *Rogers v. Astrue*, 2015 WL 9239000, at *3 (W.D.N.C. Dec. 17, 2015) (Voorhees, J.).

Pursuant to the power of this Court to award fees to a prevailing party other than the United States incurred by that prevailing party in a civil suit against the United States, including proceedings for judicial review of agency action, under the Equal Access to Justice Act, 28 U.S.C. § 2412, Plaintiff's Motion (Doc. 15) is **GRANTED**. Accordingly, Plaintiff is awarded attorney's fees in the amount of $3,260.00 and court costs in the amount of $400.00.

Pursuant to the United States Supreme Court's ruling in *Astrue v. Ratliff*, 560 U.S. 586 (2010), attorney's fees are payable to Plaintiff as the prevailing party, subject to offset through the

Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff might owe to the federal government. Following the entry of this order, if the Commissioner determines Plaintiff owes no debt to the federal government which must offset, the Commissioner may honor Plaintiff's July 2016 signed assignment of EAJA fees, thus permitting payment of such EAJA fees to Plaintiff's counsel, rather than to the Plaintiff herself. (Doc. 15-2). However, if Plaintiff is found to owe any offsetting debt to the federal government, the Commissioner shall pay any remaining attorney's fees to Plaintiff's counsel in accordance with the above agreement.

**SO ORDERED.**

Signed: May 24, 2017

Richard L. Voorhees
United States District Judge